IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD ARTHUR EUSTIS, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-08-1306 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under section 2254 challenging his felony conviction for aggravated assault. Respondent filed a motion for summary judgment (Docket Entry No. 10), to which the petitioner responded (Docket Entry No. 16).

After careful consideration of the motion, the response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this lawsuit for the reasons that follow.

### I.  PROCEDURAL BACKGROUND AND CLAIMS

Petitioner was convicted of aggravated assault and sentenced to twenty years incarceration. The conviction was affirmed on appeal. *Eustis v. State*, 191 S.W.3d 879 (Tex. App. – Houston [14th Dist.] 2006, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review and denied his application for state habeas relief without a written order. *Ex parte Eustis*, WR-69,318-01, at cover.

Petitioner raises the following federal habeas grounds, which the Court has restated and grouped for clarity and convenience:

(1)    legal and factual insufficiency of the evidence;

(2)    an illegal search and seizure;

(3)    admission of complainant's unsigned written statement in violation of state law and the federal Constitution;

(4)    introduction of Officer Slaven Richards's testimony in violation of *Brady*, petitioner's confrontation rights, the trial court's orders, and state law;

(5)    introduction of a fabricated weapon in violation of state law and the federal Constitution;

(6)    failure of the trial court to evaluate Dr. Chang's credibility in violation of state law and the federal Constitution;

(7)    ineffective assistance of trial counsel in:

    (a)    failing to object to Dr. Chang's testimony;

    (b)    failing to obtain an expert to rebut Dr. Chang's testimony;

    (c)    failing to object properly to, or move to suppress, the complainant's unsigned written statement;

    (d)    failing to object to, or move to suppress, admission of the weapon;

    (e)    failing to object and preserve error as to the illegal search and seizure;

    (f)    failing to move to inspect, examine, and test the physical evidence;

    (g)    failing to spend time with petitioner;

    (h)    failing to retain an investigator;

2

    (i)      showing no interest in the case and seeking only to plea bargain;

    (j)      failing to find and interview potential defense witnesses; and

    (k)      failing to investigate the case;

(8)    denial of a fair trial due to the above errors and the introduction of gruesome and prejudicial pictures of the complainant.

Respondent argues that these claims fail to state a cognizable federal habeas claim or are without merit.

## II.  FACTUAL BACKGROUND

The state court of appeals set out the following statement of facts in its opinion:

On November 10, 2002,[1] Sergeant Ron Cleere[2] of the Huntsville Police Department received a call from dispatch. He was asked to respond to an anonymous call about a woman who was possibly in danger and may have been beaten by a baseball bat. The caller identified the woman as 'Julianna' and gave her location in Huntsville. Sergeant Cleere immediately went to the residence in question and found appellant standing in the yard talking to another man. Sergeant Cleere told appellant that he was there in response to a welfare call and asked to speak to Julianna, who was later identified as appellant's wife. Appellant, clearly angry, stated that his wife was picking up their children from school.

Sergeant Cleere, under the belief that appellant was lying, drove to the school to look for Julianna and the children. When he was unsuccessful in locating them, he returned to the residence and questioned appellant again about his wife's whereabouts. Appellant responded that his wife may have gone shopping or 'something' with the children because she was not at home. Sergeant Cleere, very concerned, asked appellant for permission to search the

---

[1]The record shows that this incident took place on November 10, *2003*.

[2]The witness's last name appears as "Cleare" in the reporter's record.

3

inside of the house. Appellant became defensive and responded that he knew his 'rights' and refused consent.

Sergeant Cleere then attempted to call Assistant District Attorney Jack Choate to determine whether he had probable cause to enter the house without a warrant. At about that time, the couple's two children, whom appellant had claimed were with Julianna, arrived at the residence via the school bus. Sergeant Cleere summoned the older child, Roxanne, who was about eight or nine years old at the time, to come and talk to him. Appellant yelled at Roxanne, 'Don't talk to him, don't say a word.' Roxanne continued to walk toward Sergeant Cleere, who explained to the young girl that he wanted to check and see if her mother was alright. Roxanne responded, 'I'm not supposed to tell.' After this statement, Sergeant Cleere directed another officer to take appellant into custody while he went into the house to try and find Julianna. Sergeant Cleere located Julianna in the bathtub in dirty, brownish colored water. It was apparent that Julianna had been severely beaten, and was in extreme pain. Her body was covered with bruises, contusions, and open wounds.

Sergeant Cleere called emergency medical services and instructed Officer Dugas to arrest appellant. Sergeant Cleere took several photographs of Julianna and the crime scene while waiting for the medical personnel to arrive. Julianna was then transported to Huntsville Memorial Hospital where she was treated for two broken arms, two broken legs, multiple contusions and injuries that were all over her body. The wounds were at different stages of healing which indicated that they had been inflicted at various times. After treatment, Julianna had either a splint or a cast on each of her four extremities.

Detective Slaven Richards of the Huntsville Police Department visited Julianna in the hospital and took an oral statement from her about the events that led to her injuries. At this time, Julianna, despite her wretched physical condition, was very alert and cooperative. Her statement implicated appellant as her assailant. Detective Richards had his notes transcribed into a typed statement. Julianna, however, did not sign this statement because both of her hands were broken and bound with bandages. At appellant's trial, Julianna testified that she did not remember giving this statement to the police and could not remember who inflicted her injuries.

*Eustis*, 191 S.W.3d at 881-82.

4

### III.   THE APPLICABLE LEGAL STANDARDS

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that is materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable.  *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a

factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

In the instant case, no express findings were made by the trial court, and habeas relief was denied by operation of law. The Texas Court of Criminal Appeals denied petitioner's application for state habeas relief without a written order.

## IV.  CLAIMS ARISING UNDER STATE LAW

Petitioner asserts numerous claims throughout his petition for violations of state procedural and evidentiary law and state constitutional protections. Claims for violations of state procedural and constitutional law do not raise cognizable, independent federal habeas corpus claims. *See Collier v. Cockrell*, 300 F.3d 577, 585 n.5 (5th Cir. 2002) (recognizing that denial of a state constitutional protection does not give rise to a cognizable federal habeas claim); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986) (holding that federal habeas relief does not reach rights existing solely under rules of state procedure).

To merit federal habeas relief on a claim for violation of state evidentiary laws, a petitioner must show not only error, but that the erroneous admission of evidence was "material in the sense of a crucial, critical, highly significant factor." *Bailey v. Procunier*,

6

744 F.2d 1166, 1169 (5th Cir. 1984). This Court does not sit "as a super state supreme court to review error under state law." *Id.* at 1168. An evidentiary error by the state court will justify federal habeas relief only if it is "so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause." *Id.* In *Brecht v. Abrahamson*, the Supreme Court addressed the issue of harmless error in the context of collateral review and determined that habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in "actual prejudice." 507 U.S. 619, 637 (1993). Thus, the test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. *Id.*

To the extent petitioner here asserts one or more state law evidentiary errors of a federal constitutional magnitude, the attendant constitutional issues are addressed under the relevant federal habeas grounds, *infra*, pursuant to *Brecht* and other applicable standards.

## V.  CLAIMS FOR FOURTH AMENDMENT VIOLATIONS

Petitioner asserts that his Fourth Amendment rights were violated by the illegal search of his property and the seizure of evidence subsequently used against him at trial. Respondent correctly argues that these claims are barred by *Stone v. Powell*, 428 U.S. 465, 490 (1976). *Stone* prohibits federal habeas review of Fourth Amendment claims where, as here, the state has provided an opportunity for full and fair litigation of the claim. Petitioner was afforded an opportunity for full and fair litigation of his illegal search and seizure issues at trial, and respondent is entitled to summary judgment dismissing these claims.

7

## VI.  CLAIM FOR INSUFFICIENCY OF THE EVIDENCE

Petitioner argues that the evidence is legally and factually insufficient to support his conviction.  On federal habeas review, the evidentiary sufficiency of a state court conviction is governed by the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard.  *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002).  Under Fifth Circuit authority, a state may impose a more exacting standard for determining the sufficiency of the evidence, but a federal court reviews section 2254 challenges to the sufficiency of the evidence only under the *Jackson* standard.  *West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996).  This standard requires that a reviewing court determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319.  In short, this Court may conduct only a review of the legal sufficiency of the evidence under *Jackson*, and then, only within the limitations of AEDPA.

In conducting such a review, a federal habeas court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict.  *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).  The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, as long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.  *United States v. Stevenson*, 126 F.3d

8

662, 664 (5th Cir. 1997). To determine whether the evidence is sufficient to support a state

criminal conviction, a federal habeas court looks to state law for the substantive elements of

the relevant criminal offense. *Jackson*, 443 U.S. at 324 n.16; *Dupuy v. Cain*, 201 F.3d 582,

589 (5th Cir. 2000).

In rejecting petitioner's legal sufficiency challenge on direct appeal, the state court

of appeals found as follows:

> In his first issue, appellant argues that the admissible evidence introduced at
> trial is legally insufficient to support his conviction. In evaluating a legal
> sufficiency challenge, we view the evidence in the light most favorable to the
> verdict. The issue on appeal is not whether we, as a court, believe the State's
> evidence or believe that appellant's evidence outweighs the State's evidence.
> The verdict may not be overturned unless it is irrational or unsupported by
> proof beyond a reasonable doubt. The jury, as the trier of fact, is the sole
> judge of the credibility of the witnesses and of the strength of the evidence.
> The jury may choose to believe or disbelieve any portion of the witnesses'
> testimony. When faced with conflicting evidence, we presume the trier of fact
> resolved conflicts in favor of the prevailing party. If any rational trier of fact
> could have found the essential elements of the crime beyond a reasonable
> doubt, we must affirm. In assessing the sufficiency of the evidence to support
> a conviction, a reviewing court must consider all evidence which the jury was
> permitted, whether rightly or wrongly, to consider.
>
> A person commits aggravated assault if the person commits an assault and the
> person causes serious bodily injury to another. TEX. PEN. CODE ANN. §
> 22.02(a)(1). Bodily injury means physical pain, illness, or any impairment of
> physical condition. TEX. PEN. CODE ANN. § 1.07(a)(8). Serious bodily injury
> means bodily injury that creates a substantial risk of death or that causes death,
> serious permanent disfigurement, or protracted loss or impairment of any body
> member or organ. TEX. PEN. CODE ANN. § 1.07(a)(46).
>
> Appellant contends that the evidence is legally insufficient because Julianna
> did not identify appellant as the individual who caused her injuries; and there

is no evidence that the injuries sustained by Julianna meet the definition of serious bodily injury. We disagree.

There is ample evidence in the record to show that appellant inflicted serious bodily injury on Julianna. Law enforcement officers found Julianna in dire physical condition at the home she shared with her children and appellant. Law enforcement officers were prompted to make a welfare call to the family's residence because an anonymous caller was obviously concerned for Julianna's safety and had reason to believe she had been hurt or was in grave danger. Appellant was the only person at the residence at the time Sergeant Cleere arrived. Appellant was uncooperative and refused to let Sergeant Cleere enter the home. He lied to the officer about Julianna's whereabouts, stating at one point that she was picking the children up from school and later that she was shopping or doing something but that she was not at home. When the children arrived on the school bus, appellant instructed them not to say a word to the officers. The nine-year old daughter, in response to Sergeant Cleere's question about her mother's welfare, answered, 'I'm not supposed to tell,' giving the officers good reason to suspect Julianna's welfare was in jeopardy. When the officers entered the home, they found Julianna battered and beaten all over her body. She was unable to move without assistance and was obviously in immense pain from her many injuries. While hospitalized, Julianna gave a statement to the police that implicated appellant. Although this statement was unsigned due to Julianna's injuries and although Julianna testified at trial that she did not remember giving this statement, and could not remember who inflicted her injuries, the jury was free to believe or disbelieve any portion of the witnesses' testimony. When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. We conclude that based on the evidence in the record, any rational trier of fact could have found, beyond a reasonable doubt, that appellant was the individual who inflicted Julianna's injuries.

We further conclude that the jury rationally could have found that Julianna suffered injuries that easily meet the definition of serious bodily injury. Though often a matter of degree, there must be a meaningful distinction between bodily injury and serious bodily injury. The determination that an injury qualifies as serious bodily injury must be made on a case-by-case basis. In this case, Julianna's injuries required extensive medical treatment and left permanent damage. Dr. Shao-Jen Chang, the treating emergency room physician, testified that Julianna's injuries were of the sort that typically would

leave someone permanently disabled. Photographs of Julianna entered into the record showed she suffered a very brutal beating that left serious injuries to many different parts of her body. Julianna was treated for two broken arms, two broken legs, and multiple contusions and bruises that were at various stages of healing. All four of her extremities were placed in casts or splints. The medical evidence demonstrated that Julianna lived a life of severe abuse which might have led to her death but for the intervention of the anonymous caller and law enforcement officers making the welfare check. In addition, there is evidence that some of Julianna's injuries may have been inflicted by a baseball bat, also introduced into evidence at trial. *See* TEX. PEN. CODE ANN. § 22.02(a) (stating that person commits aggravated assault if that person causes serious bodily injury or uses or exhibits a deadly weapon while assaulting another person). Dr. Chang testified that some of the injuries Julianna sustained were consistent with blunt force trauma caused by some object.

The jury examined the photographs and listened to the testimony at trial. The jury was free to apply common sense, knowledge, and experience gained in the ordinary affairs of life in drawing reasonable inferences from the evidence. Given the extensive evidence of this savage beating, the jury rationally could have determined that Julianna suffered serious permanent disfigurement simply by viewing the photographs of her ghastly injuries and listening to the testimony from Julianna's treating physicians. We conclude there is legally sufficient evidence to support the conviction.

*Eustis*, 191 S.W.3d at 882-84 (citations, quotations omitted).

The state appellate court's findings are sufficient to find the evidence legally sufficient under *Jackson*. Further, an independent review of the record finds the evidence legally sufficient to support the conviction under the *Jackson* standard for the reasons stated by the state court of appeals. Based on the state court's findings and an independent review of the record, the Court finds that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

11

beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 319.  Respondent is entitled to summary judgment dismissing petitioner's legal sufficiency challenge.

## VII.  CLAIMS REGARDING THE WRITTEN STATEMENT

Petitioner asserts that the trial court's admission of the complainant's unsigned written statement violated his federal constitutional rights to confrontation and cross-examination. In rejecting these claims on direct appeal, the state court held as follows:

> In his second issue, appellant contends that the trial court committed reversible error in admitting Julianna's unsigned statement (Exhibit 19) and thereby purportedly denying appellant his right to confront and cross-examine witnesses against him.  More specifically, appellant asserts that, by admitting this exhibit through Detective Richards' testimony, the trial court denied appellant his constitutional right to confront and cross-examine witnesses used against him.
>
> Appellant did not object on this basis at trial and thus failed to preserve error on this issue.  The only objection appellant made in regard to this testimony and exhibit was a hearsay objection:
>
> The Court:   Before we go any further on this I would kind of like to know what we are going to hear. We have this statement in and I'm not sure I could hear what she was saying.
>
> The State:   She said she doesn't unequivocally admit that she made the statement.  She says she didn't remember, Your Honor.
>
> The Court:   Okay. And you're going under which exception to the hearsay rule?
>
> The State:   Well, I'm going to – under Rule 613, the prior statement of witnesses.  She was shown a copy of the statement and asked if she made it to Detective Richards on November 11, 2003, at the Huntsville Memorial Hospital.

*   *   *

| | |
|---|---|
| The Court: | That has been a long time ago.  Has anyone – have you ever gone back and tried to her to (sic) – |
| Detective Richards: | No, sir. |
| The Court: | – to sign the statement?  Has the State ever gone back and tried to get her to sign this statement? |
| The State: | No, Your Honor.  She had been talked to on several occasions.  There are other individuals that she has made statements to consistent with what she said in her story until today. |
| The Court: | I really do hate to break my rule.  But I ought not to let this in but I am this time.  But I want to tell ya'll something.  I'm serious about this discovery stuff. |
| The State: | Yes, sir. |

*   *   *

| | |
|---|---|
| The Court: | This time.  Not for you, but because I think justice demands it. |
| The State: | Yes, Your Honor. |
| The Court: | I apologize to you, Dale, for you not getting all of the discovery that you're justly entitled to. |
| Defense Counsel: | Thank you, Your Honor. |

*   *   *

| | |
|---|---|
| The Court: | You want to ask him some questions, Dale? |
| Defense Counsel: | I will just ask him in front of the jury. |
| The Court: | Okay.  And your exception to the calling of this witness is duly noted in the record. |

13

> Defense Counsel:   Also, I object under the basis of *hearsay*.  It's not a signed statement of that witness so I don't see any exception under the Rules that this could come in.  So I want to preserve that error.

(Emphasis added).  During the testimony, and right before admission of the statement through Detective Richards, appellant objected again:

> The State:   State would offer into evidence State's Exhibit No. 19.

> Defense Counsel:   Your Honor, I previously entered my objections to this exhibit and I would like the record to reflect that I have [done] so.

> The Court:   You have made proper objection and your objection will be overruled.

These are the only objections made at trial in regard to this testimony and Exhibit 19.

Appellant's complaint on appeal is not that of hearsay, but that he was denied his constitutional right to confront and cross-examine witnesses used against him.  Appellant made no objection to this testimony based on an alleged violation of the Confrontation Clause.  To preserve error, there must be a timely, specific objection.  Even constitutional error may be waived by failure to object at trial.  A defendant waives his constitutional right to confront witnesses if he does not object at trial.  Although appellant objected on the basis of hearsay, this objection did not preserve error on a Confrontation Clause claim.  Hearsay objections and objections to violations of the constitutional right to confront witnesses are neither synonymous nor necessarily coextensive.  Thus, appellant has waived appellate review of his complaint.

Even if appellant had preserved error on this issue, we would find no merit in his argument because there was not a violation of the Confrontation Clause.  The Constitution does not permit the admission of a testimonial statement of a witness who did not appear at trial unless the witness was unavailable to testify and the defendant had a prior opportunity for cross-examination.  *Crawford v. Washington*, 541 U.S. 36, 52 (2004).  However, when, as in this case, the declarant appears for cross-examination at trial, the Confrontation

14

Clause places no constraints at all on the use of her prior testimonial statements. *See California v. Green*, 399 U.S. 149, 162 (1970). The Confrontational (sic) Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it. *Tennessee v. Street*, 471 U.S. 409, 414 (1985). Julianna's unsigned typewritten statement, given to police, was testimonial in nature. But Julianna was present at trial and testified. Appellant, during his cross-examination, had the opportunity to question Julianna about the statement she gave to the police. Therefore, there was no violation of the Confrontation Clause.

*Eustis*, 191 S.W.3d at 884-886 (state citations and parenthetical omitted).

In rebuttal to the state appellate court's reasoning, petitioner presents nothing more than his bald disagreement with the court's holding. Petitioner fails to show that the state court's adjudication of these constitutional issues was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams*, 529 U.S. at 404-05; 28 U.S.C. §§ 2254(d)(1), (2).

Petitioner further asserts that the trial court erred under state law in allowing the exhibit into evidence, as it violated the Texas Rules of Evidence and the trial court's own pretrial discovery order. No error is shown by petitioner's complaint that the trial court failed to adhere to its standing order regarding discovery; it was within the trial court's discretion to enforce or waive its own discovery orders. Further, and as noted by the state court of appeals, petitioner objected to the statement only on grounds of hearsay; petitioner fails to show that the trial court erred in overruling the hearsay objection. In absence of clear state

law error, this Court does not reach the question of "actual prejudice" under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

The state courts denied relief on this issue.  Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, established federal law as determined by the Supreme Court, or was an unreasonable determination or application of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this claim.

### VIII.   CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687.  The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor

16

of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner raises the following instances of ineffective assistance of counsel, each of which is discussed separately.

A.      Failure to object to Dr. Chang's testimony

Petitioner asserts that counsel failed to complain that Dr. Chang, complainant's treating physician during her hospitalization, was not credible. To prevail under this claim, petitioner must show a viable ground for objecting to Dr. Chang or to his testimony that, if

17

raised by trial counsel, would have been sustained. Counsel is not constitutionally deficient in failing to raise groundless objections. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Petitioner's conclusory allegation that Dr. Chang was not a credible witness is insufficient to raise a genuine issue of material fact as to counsel's performance. Petitioner does not show that, but for counsel's failure to object to Dr. Chang, there is a reasonable probability that the result of his trial would have been different. Neither deficient performance nor prejudice is established under *Strickland*.

The state courts denied habeas relief under this issue. Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment under this issue.

B.     Failure to obtain an expert to rebut Dr. Chang's testimony

Petitioner complains that trial counsel failed to obtain an expert witness to rebut the testimony of Dr. Chang. Petitioner fails to show that a rebuttal expert witness was available, and fails to present the substance of the expert witness's proposed testimony. In short, petitioner's conclusory allegation fails to meet either the deficient performance or prejudice requirement of *Strickland*. *See Crane v. Johnson*, 178 F.3d 309, 315 (5th Cir. 1999) ("[E]ven assuming that trial counsel erred in failing to seek the appointment of a confidential mental health expert, Crane has not shown how he suffered prejudice from this failure. Crane

18

produced no persuasive psychiatric evidence in the district court that if produced at trial, would have undermined confidence in the resulting verdict."); *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (holding that "hypothetical or theoretical testimony will not justify the issuance of a writ").

The state courts denied habeas relief under this issue. Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment under this ground.

C.    Failure to object properly to the unsigned witness statement

Petitioner argues that, had counsel objected to admission of the complainant's unsigned written statement under Rules 613, 614, and 802 of the Texas Rules of Evidence, the objection would have been sustained and the statement excluded from evidence. *Ex parte Eustis*, p. 42. In absence of the statement, petitioner argues, he would have been acquitted.

Texas Rules of Evidence Rule 614 provides that, upon a party's request or its own motion, the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses. Utilization of this provision by state court litigants is commonly called "invoking the rule." Petitioner fails to show violation, much less application, of Rule 614 to his situation or that, but for counsel's failure to object to the statement under this rule, the result of his trial would have been different.

19

Texas Rules of Evidence Rule 613 provides as follows:

> In examining a witness concerning a prior inconsistent statement made by the witness, whether oral or written, and before further cross-examination concerning, or extrinsic evidence of, such statement may be allowed, the witness must be told the contents of such statement and the time and place and the person to whom it was made, and must be afforded an opportunity to explain or deny such statement. If written, the writing need not be shown to the witness at that time, but on request the same shall be shown to opposing counsel. If the witness unequivocally admits having made such statement, extrinsic evidence of same shall not be admitted.

Here, the complainant testified that she could not remember the details of the offense, and did not recall having seen the written statement. She had been unable to sign the statement at the time it was made, as petitioner had broken both of her hands. The trial court allowed the statement in under Rule 613. S.F. Vol. 1, p. 10. Petitioner, nonetheless, argues that, had counsel objected that the writing did not constitute a statement under Rule 614, it would have been excluded. Petitioner provides no legal authority for this proposition, and the Court finds none. Counsel is not ineffective in failing to make groundless objections. *Koch*.

Petitioner further argues that, had counsel objected to the statement as inadmissible hearsay under Texas Rules of Evidence Rule 802, it would have been excluded. Petitioner concedes that counsel *did* raise an unsuccessful hearsay objection to the statement, but argues that counsel "entered no argument as to the heresay (sic) rule. Should of objected to testinonial (sic) heresay." *Ex parte Eustis*, p. 42. Petitioner fails to provide any legal

authority in support of his argument, and the Court finds none.  Again, counsel is not ineffective in failing to make groundless objections. *Koch.*

Petitioner fails to show a viable objection to the statement that, had counsel raised, would have been granted, and that, but for counsel's failure to raise such objection, there is a reasonable probability that the result of his trial would have been different.  Petitioner establishes neither deficient performance nor prejudice.

The state court denied habeas relief under this issue.  Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment under this ground.

D.    Failure to object to, or move to suppress, the baseball bat and photographs

Petitioner asserts that, had counsel objected to the baseball bat under Texas Rules of Evidence Rule 403, it would have been excluded and the jury would have acquitted him. *Ex parte Eustis*, p. 43.  Rule 403 of the Texas Rules of Evidence provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

In support of this claim, petitioner submits nothing more than his personal opinion that the exhibit's probative value was substantially outweighed by the danger of unfair prejudice. *Ex parte Eustis*, p. 45.  The record shows that police initially investigated an anonymous call

21

that a woman at petitioner's house may have been beaten with a baseball bat. S.F. Vol. 1, p. 59. During their search of the property, police found a baseball bat in the front yard. *Id.* The bat appeared to have dried blood on it. *Id.*, p. 62-63. One of the officers testified that the bat could have been the cause of "a lot of" the complainant's injuries. *Id.*, p. 65. The officer testified that, when it was found, they did not know for sure that it had been used to injure the complainant. *Id.*, p. 68. Petitioner does not establish that, had counsel objected to the baseball bat under Rule 403, the objection would have been granted, or that counsel's decision not to object under Rule 403 was an exercise of unreasonable professional judgment. Moreover, no prejudice is shown. Even assuming the baseball bat itself were excluded from evidence, it was clear from the remaining evidence that the complainant had been struck repeatedly with a blunt force object and that the anonymous caller had mentioned a baseball bat as the weapon. It cannot be said that, but for counsel's failure to object to the baseball bat under Rule 403, there is a reasonable probability that the result of petitioner's trial would have been different.

Petitioner further argues that trial counsel failed to object under Rule 403 to the photographs of the complainant and her injuries. The record reflects that trial counsel did object to the photographs, arguing that they were so "extraordinarily gruesome" and prejudicial that they would deny petitioner a fair and impartial trial. S.F. Vol. 1, p. 57. The trial court overruled the objection and allowed the photographs into evidence. *Id.* Although

trial counsel did not expressly refer to Rule 403, it is clear that his objection was in the nature of a Rule 403 objection.  Deficient performance and prejudice are not shown.

The state courts denied habeas relief under this issue.  Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment under this ground.

E.    Failure to object and preserve error as to the illegal search and seizure

Petitioner argues that counsel should have moved to suppress the baseball bat and photographs of the complainant because he did not consent to the warrantless search of his property. *Ex parte Eustis*, p. 46.  He asserts that, but for admission of the baseball bat and pictures, he would not have been convicted.

It is well established that the failure to file a motion to suppress does not constitute *per se* ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). The Supreme Court has refined the prejudice inquiry in the context of ineffective assistance claims based on counsel's failure to file a motion to suppress, as follows:

> Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.

*Id.* at 375. The inquiry turns on whether a hypothetical motion to suppress would have been successful. *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). Defense counsel cannot be faulted for failing to raise a baseless objection. *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) (holding that an attorney cannot be judged deficient for his failure to raise a frivolous issue).

In the instant case, petitioner argues that, under *Georgia v. Randolph*, 547 U.S. 103 (2006), his wife's consent – implied or otherwise – for the officers to search the premises did not trump his refusal to allow the search. In *Georgia*, the Supreme Court held that the warrantless search of a marital residence, on the basis of consent given to police by the defendant's wife, was unreasonable and invalid as to the defendant, who was physically present and expressly refused to consent to the search. Petitioner does not establish that *Georgia*, decided in 2006, retroactively applies to the 2003 search and 2004 trial at issue here.

Further, petitioner does not address the issue that the officers, under the emergent circumstances present in this case, were authorized under state law to enter the premises without his consent. The record shows that the officers were prompted to the premises by an anonymous caller notifying them that the complainant may have been beaten with a baseball bat. When the officers arrived at the premises, petitioner gave conflicting and suspicious stories concerning the complainant's whereabouts, and instructed his children not to say anything to the police. When the officer asked one of the children about her mother's

24

welfare, the child became visibly upset and stated, "I'm not supposed to tell." The record also makes clear that the officers had responded to prior domestic violence calls regarding petitioner and the complainant, and were familiar with the family. The officers stated that, under the circumstances, they believed the complainant was in the house and needed immediate help. Stated otherwise, petitioner does not show that, under state law, the officers could not legally enter the premises to locate Julianna under the circumstances that developed during their response to the anonymous call. Thus, he fails to show that a motion to suppress, based on his express non-consent to the search, would have been granted; that the baseball bat and photograph would have been excluded from evidence; and that, but for counsel's failure to file a motion to suppress, there is a reasonable probability that the result of the trial would have been different.

The state courts denied habeas relief under this issue. Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment under this ground.

F.     Failure to move to inspect, examine, and test the physical evidence

Petitioner complains that trial counsel did not have the baseball bat and other physical evidence inspected, examined, and tested for fingerprints, blood types, DNA, and other forensic information. To succeed on this claim under *Strickland*, petitioner must show that,

but for counsel's failure to obtain this testing, there is a reasonable probability that the result of his trial would have been different. To meet this burden, petitioner must present probative evidence that the results of the omitted testing would have been favorable to the defense. Petitioner, however, offers only his own conclusory allegations that the testing would have yielded exculpatory evidence, and he establishes neither deficient performance nor prejudice.

The state courts denied habeas relief under this issue. Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment under this ground.

G.    Failure to spend time with, or shown an interest in, petitioner

Petitioner asserts that trial counsel failed to "spend time" with him, failed to "show an interest in" him, and appeared interested only in striking a plea bargain agreement with the State. These conclusory allegations of petitioner's personal beliefs are insufficient to raise a genuine issue of material fact regarding trial counsel's performance. Nor does petitioner show that, but for these alleged failings of counsel, there is a reasonable probability that the result of his trial would have been different. Petitioner shows no favorable, material evidence or information that he was unable to communicate to counsel prior to trial, nor does he demonstrate how counsel's spending more time with him would have promoted or resulted in a favorable trial result.

The state courts denied habeas relief under this issue.  Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment under this ground.

H.    <u>Failure to retain an investigator</u>

Petitioner avers that trial counsel should have retained an investigator to investigate the case.  A defendant raising a claim for his counsel's failure to investigate "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Petitioner's conclusory allegation that an investigator would have discovered exculpatory evidence is unsupported by the record and insufficient to raise a genuine issue of material fact precluding summary judgment.  Petitioner establishes neither deficient performance nor prejudice under *Strickland*.

The state courts denied habeas relief under this issue.  Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment under this ground.

I.      Failure to find and interview potential witnesses

Petitioner complains that counsel failed to locate, interview, and subpoena the nurses who took care of the complainant during her stay at the hospital. According to petitioner, "these nurses took vital statistics from Julianna and could verify the fact she was assaulted by an unknown attacker, and answer various questions." *Ex parte Eustis*, p. 41.

Ineffective assistance claims based upon uncalled witnesses are not favored because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain, and speculations as to what these witnesses would have testified is too uncertain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Claims of uncalled witnesses should be rejected unless a petitioner demonstrates that the omitted testimony would have been favorable, and that the witness would have testified at trial. *Id.* Petitioner in the instant case does not establish that counsel did not interview these individuals and decide, in his professional judgment, that they were not helpful. Nor does the record contain affidavits or other recorded proposed testimony of these witnesses. Petitioner's own conclusory allegations as to what these witnesses might have stated are unsupported by the record and insufficient to raise a genuine of issue of material fact precluding summary judgment. Neither deficient performance nor prejudice are shown.

The state court denied habeas relief under this issue. Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence

28

in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment under this ground.

      J.      <u>Failure to investigate the case</u>

Petitioner claims that counsel failed to investigate the case.  A petitioner asserting a claim for failure to investigate "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).  Petitioner here asserts nothing more than his own unsubstantiated and generalized conclusion that favorable evidence would have been discovered had counsel more thoroughly investigated the case.

The state courts denied relief on petitioner's claim of ineffective assistance of trial counsel.  Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, the Supreme Court's decision in *Strickland*, or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

## IX.  CLAIMS REGARDING OFFICER RICHARDS

The record shows that the State failed to disclose Officer Slaven Richards as a potential trial witness.  When the State called the officer to testify to his taking of the complainant's written statement in the hospital, trial counsel objected because the officer had not been disclosed as a potential trial witness.  The trial court berated the State for failing to disclose the potential witness, but nonetheless allowed the witness to testify in the interest

of justice. S. F., Vol. 1, pp. 101-102, 108-109. Petitioner complains that the trial court erred in allowing the officer to testify, as it violated the trial court's standing discovery rule, constituted a *Brady* violation, and denied him his right of confrontation.

Petitioner's arguments are without merit. No error is shown by the trial court's failure to adhere to its standing order regarding discovery; it was within the trial court's discretion to waive a breach of its own discovery orders. The trial court carefully considered the issue during trial, and stated on the record that, "I think it would be unjust for me to follow my rule in this case. I doubt I will find that situation ever again." *Id.*, p. 109. The record reveals that defense counsel was aware of Officer Richards and his role in the investigation, but unaware that he would be called as a trial witness for the State. Petitioner neither argues nor shows that his ability to mount a defense was prejudiced by the trial court's allowing Officer Richards to testify. No issue of constitutional dimension is presented.

Nor does petitioner establish a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). To establish a *Brady* violation, a petitioner must show that the State suppressed evidence favorable and material to the defense and that the discovery of the evidence was not the result of a lack of due diligence. *Id.* at 87. The record before this Court shows that defense counsel was aware of Officer Richards, but unaware that the State intended to call him as a witness. Petitioner does not show that the non-disclosure of Officer Richards as a potential trial witness constituted suppression of evidence *favorable* or *material* to petitioner's defense. Accordingly, no *Brady* violation is shown. Moreover, petitioner demonstrates no violation

30

of his confrontation rights; Officer Richards appeared at trial and was cross-examined by defense counsel.

The state courts denied relief on petitioner's claims regarding Officer Richards. Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, Supreme Court precedent, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

## X.  CLAIMS REGARDING THE BASEBALL BAT

Petitioner asserts that the police officers "fabricated" the baseball bat in order to convict him. As correctly argued by respondent, petitioner's claim is wholly conclusory and unsupported by the record. Petitioner presents no probative summary judgment evidence that the baseball bat was fabricated evidence, and his habeas claim is without merit. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (holding that, absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary nature); *see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996) (holding that a petitioner's conclusory allegations are insufficient to raise constitutional claims on federal habeas review).

Petitioner further claims that he was denied due process by the trial court's erroneous admission of the baseball bat into evidence. To merit relief under this claim, petitioner must

show not only error, but that the erroneous admission of the baseball bat was "material in the sense of a crucial, critical, highly significant factor" in his conviction. *Bailey v. Procunier*, 744 F.2d 1166, 1169 (5th Cir. 1984). An evidentiary error will only justify federal habeas relief if it is "so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause." *Id.* Habeas petitioners are not entitled to relief based on trial error unless they can establish that it resulted in "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). The test is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Id.*

It cannot be said that admission of the baseball bat into evidence constituted either error under state law or, assuming error, error of a constitutional dimension. Petitioner presents no relevant legal authority in support of his claim of state law evidentiary error, and the Court finds none. Further, the baseball bat exhibit itself was not "material in the sense of a crucial, critical, highly significant factor" in petitioner's conviction, as it was clear from the remaining evidence that the complainant had been struck repeatedly with a blunt force object and that the anonymous caller had mentioned a baseball bat as the weapon. The complainant's treating physician testified that someone who got "hit by a Mac truck and fell off a cliff," or underwent "some type of assault where somebody continually assaulted the person," would get injuries such as those sustained by the complainant. S.F. Vol. 1, p. 80. He testified that the complainant's injuries were consistent with being hit with a hard, blunt object, and that her assault was "the most severe case I have actually seen." *Id.*, pp. 82-83.

The photographs of the complainant taken by the police officers showed a woman hunched over in a bathtub filled with water colored dark by blood, crying and covered with fresh bruises, open wounds, and other injuries. The officers and paramedics testified that she was unable to move, and had to be removed from the bathtub and placed on a backboard for transport. She screamed in pain while being removed from the bathtub. She later gave a statement to police investigators, stating that petitioner had beaten her for two days with a wire rod and a larger, blunt object of some type, and had pulled her back from a window when she tried to escape. Petitioner had ignored her requests for medical help. Petitioner refused to allow police officers into the house when they arrived to investigate the anonymous call, telling them that the complainant was "out somewhere" and that he "knew his rights." Given this and other ample evidence of complainant's injuries and petitioner's involvement appearing in the record, this Court does not conclude that admission of the baseball bat into evidence, even if erroneous under state law, constituted a denial of petitioner's federal due process rights.

The state courts denied relief on petitioner's claims regarding admission of the baseball bat into evidence. Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, Supreme Court precedent, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

## XI.   CLAIM REGARDING DR. CHANG'S CREDIBILITY

Petitioner contends that the trial court abused its discretion and denied him due process by failing to "act as a fact finder" in determining the credibility of Dr. Chang. Dr. Chang, an emergency room physician, testified as to his examination and treatment of the complainant upon her arrival at the hospital on November 10, 2003.

Under this ground, petitioner baldly states that, "The trial court had the opportunity to judge the credibility of the witness, and based on the defence (sic), determination and on the record evidence the trial courts finding is implausible." (Docket Entry No. 16, p. 8.) A factual or legal basis for this habeas ground is unstated and unclear. The respondent has construed the argument as a "gate keeper" challenge to the reliability of Dr. Chang's testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The record shows that petitioner did not challenge Dr. Chang under *Daubert* or any credibility-related grounds at trial, and the issue has been procedurally defaulted under the Texas contemporaneous objection rule. Petitioner makes no attempt to show cause or prejudice regarding this procedural default, nor has he alleged a fundamental miscarriage of justice. The Court's review of the record finds no cause or prejudice, and no fundamental miscarriage of justice, regarding Dr. Chang as a trial witness. To the extent petitioner is complaining that Dr. Chang lacked credibility, the issue was one for the jury to weigh and determine. Any factual sufficiency challenge to the evidence or to Dr. Chang's testimony, however, would not raise a cognizable federal habeas claim.

34

The state courts denied relief on these claims.  Petitioner fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, Supreme Court precedent, or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

## XII.  CLAIM FOR DENIAL OF A FAIR TRIAL

Petitioner asserts that, because of the state law and constitutional violations raised in this petition, he was denied a fair trial. The established standard for fundamental fairness requires that habeas relief be granted by a federal court only when the state trial error relates to evidence that is material in the sense of a crucial, critical, highly significant factor. *Mullen v. Blackburn*, 808 F.2d 1143, 1145 (5th Cir. 1987).  As the Court discussed above, petitioner does not meet this stringent standard as regards his state law evidentiary complaints.  Nor does petitioner show denial of a fair trial through any instances of ineffective assistance of counsel or other violations of his federal constitutional rights, as no ineffectiveness or constitutional violations have been established or found.

The record does not support petitioner's argument that admission of the complainant's photographs into evidence violated his constitutional rights and denied him a fair trial.  The photographs depicted petitioner's appearance and injuries as of the time she was transported to the hospital emergency room, and evince the same appearance and injuries as described by Dr. Chang at trial.  Petitioner establishes no violation of state law in the admission of the

photographs, and, in absence of such error, a harm analysis under *Brecht* need not be undertaken. *See Brecht*, 507 U.S. 619, 637 (1993).

The Court has independently reviewed the state court record, and concludes that the result of petitioner's trial is reliable, and that he was not deprived of a fair or impartial trial.

## XIII.  CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion for summary judgment (Docket Entry No. 10) and **DISMISSES** this case with prejudice.  Any and all pending motions are **DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the *19th* day of February, 2009.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE